IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| TINA LEONARD ) | |
| 1306 Sunset Dr. ) | CIVIL ACTION NO. |
| Mandan, ND 58554 ) | |
| ) | |
| ) | |
| *On behalf of herself and all others similarly* ) | **PLAINTIFF'S CLASS AND COLLECTIVE** |
| *situated*, ) | **ACTION COMPLAINT** |
| ) | |
| Plaintiff, ) | (Jury Demand Endorse Herein) |
| ) | |
| *v.* ) | |
| ) | |
| DAKOTA TRAVEL NURSE HOME CARE, ) | |
| INC. (d/b/a Dakota Home Care) ) | |
| c/o Beverly Unrath ) | |
| 1200 Collins Ave. ) | |
| PO BOX 872 ) | |
| Mandan, ND 58554-2066 ) | |
| ) | |
| *and* ) | |
| ) | |
| JAMIE FLECK ) | |
| 1200 Collins Ave. ) | |
| PO BOX 872 ) | |
| Mandan, ND 58554-2066 ) | |
| ) | |
| *and* ) | |
| ) | |
| BEVERLY UNRATH ) | |
| 1200 Collins Ave. ) | |
| PO BOX 872 ) | |
| Mandan, ND 58554-2066 ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

1. Plaintiff brings this case to challenge policies and practices of Defendants Dakota Travel Nurse Home Care, Inc. *d/b/a* Dakota Home Care, Jamie Fleck, and Beverly Unrath that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the North Dakota Wage Law (N.D. Admin Code § 46-02-07-01 *et seq.*; North Dakota Century Code Chapters 34-06; 34-14) (collectively, "ND Wage Law"). Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under North Dakota Wage Law (the "ND Class").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the geographic jurisdiction of the U.S. District Court for the District of North Dakota.

## PARTIES

5.    At all times relevant, Plaintiff Tina Leonard was a citizen of the United States and a resident of the State of North Dakota.

6.    Defendant Dakota Travel Nurse Home Care, Inc. *d/b/a* Dakota Home Care (hereinafter "Dakota Home Care") is a North Dakota corporation with its principal place of business in Mandan, North Dakota. According to records maintained by the North Dakota Secretary of State, Defendant Dakota Home Care's registered agent is Beverly Unrath, 1200 Collins Ave., PO Box 872, Mandan, ND 58554-2066.

7.    Defendant Dakota Travel Nurse Home Care, Inc. regularly does business as "Dakota Home Care". According to records maintained by the North Dakota Secretary of State, Defendant registered Dakota Home Care as a trade name on May 30, 2017.

8.    At all times relevant hereto, Defendant Beverly Unrath is a citizen of the United States and resident of the State of North Dakota, is an owner and *CEO*[1] of Defendant Dakota Home Care, and/or exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

9.    At all times relevant hereto, Defendant Jamie Fleck is a citizen of the United States and resident of the State of North Dakota, is an owner and the *Administrator & Director of Nursing*[2] of Defendant Dakota Home Care, and/or exercised daily operational control over business operations, including decisions over the hiring and firing of

---

[1] http://www.dtnhomecare.com/administration.html (accessed Dec. 13, 2017).
[2] http://www.dtnhomecare.com/administration.html (accessed Dec. 13, 2017).

employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees. Defendant Jamie Fleck's pay practices are being challenged as willful attempts to circumvent the Fair Labor Standards Act in a related case. *See Diaz v. Dakota Travel Nurse Inc.*, Case No. 1:17-cv-00012 (Amend. Compl. filed July 14, 2017).

## FACTUAL ALLEGATIONS

### Defendants' Business

10.     According to the North Dakota Secretary of State, Defendants are in the business of "in-home healthcare"[3], "private duty nursing", "in-home care" and "home health agency"[4]. Defendant Dakota Home Care's web site states that Defendant provides live-in care, comfort care, skilled nursing care, home health aide, housekeeping services, certified nurse assistants, memory services, post-surgical care, respite care, elder care, safety supervision, medication reminders and management, personal care, meal preparation, shopping and errands services[5], and companion care.[6] Defendants actively recruit and employ registered nurses, licensed practical nurses, certified nursing assistants, live-in caregivers, home health case managers, home health aides, private duty nurses[7], caregivers and other medical and non-medical[8] professionals.

---

[3] https://apps.nd.gov/sc/busnsrch/busnSearch.htm#Search_Results (accessed Dec. 13, 2017).
[4] https://apps.nd.gov/sc/busnsrch/busnSearch.htm#Search_Results (accessed Dec. 13, 2017).
[5] http://www.dtnhomecare.com/services.html (accessed Dec. 13, 2017).
[6] http://www.dtnhomecare.com/home-page.html (accessed Dec. 13, 2017).
[7] http://www.dtnhomecare.com/employment.html (accessed Dec. 13, 2017).
[8] http://www.dtnhomecare.com/home-page.html (accessed Dec. 13, 2017).

**Defendants' Statuses as Employers**

11. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and ND Wage Law, N.D. Admin Code § 46-02-07-01 *et seq.*, North Dakota Century Code Chapters 34-06, 34-14, and employed hourly employees, including Plaintiff.

12. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant, Defendant Beverly Unrath was an employer pursuant to 29 U.S.C. § 203(d) in that she was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Dakota Home Care, "in relation to employees," including Plaintiff. Defendant Beverly Unrath was also an employer pursuant to ND Wage Law.

14. At all times relevant, Defendant Jamie Fleck was an employer pursuant to 29 U.S.C. § 203(d) in that she was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Dakota Home Care, "in relation to employees," including Plaintiff. Defendant Jamie Fleck was also an employer pursuant to ND Wage Law.

15. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiff's Status as an Employee and Defendants' Wage Violations**

17. Plaintiff is a current employee of Defendants. She began working for Defendants on or about December 6, 2016 as a home health care provider. Plaintiff often worked up to eighty (80) hours per week.

18. Plaintiff, the FLSA Collective, and the ND Class were classified by Defendants as non-exempt employees.

19. Plaintiff, the FLSA Collective, and ND Class worked in excess of forty (40) hours per week as registered nurses, licensed practical nurses, certified nursing assistants, live-in caregivers, home health case managers, home health aides, private duty nurses, caregivers and other medical and non-medical professionals.

20. Plaintiff, the FLSA Collective, and ND Class were typically paid per visit or per day. Instead of paying overtime at 1.5x the regular rate after employees worked 40 hours per week, as required by the FLSA and the ND Wage Law, Defendants regularly paid Plaintiff, the FLSA Collective, and ND Class a flat rate, usually calculated per visit or per day. Defendants occasionally paid random, nominal hourly payments for "overtime" which did not track the requirements of either the FLSA or ND Wage Law.

21. Defendants paid Plaintiff, the FLSA Collective, and ND Class less than 1.5x Plaintiff's, the FLSA Collective's, and ND Class's regular rates of pay for hours worked over forty (40), in violation of the plain language of the FLSA, 29 U.S.C. § 207, and ND Wage Law, N.D. Admin. Code § 46-02-07-02(4).

22. At all times relevant, Plaintiff, the FLSA Collective, and ND Class were employees within the meaning of 29 U.S.C. § 203(e) and ND Wage Law, N.D. Admin Code § 46-02-07-01 *et seq.*, North Dakota Century Code Chapters 34-06; 34-14.

23.     At all times relevant, Plaintiff, the FLSA Collective, and ND Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

26.     The FLSA Collective consists of:

> All present and former medical and non-medical staffing employees of Defendants during the period of three years preceding the commencement of this action to the present who were paid a flat rate and worked overtime.

27.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

29. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of North Dakota, defined as:

> All present and former medical and non-medical staffing employees of Defendants during the period of three years preceding the commencement of this action to the present who were paid a flat rate and worked overtime.

32. The ND Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and ND Law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; N.D. Admin. Code § 46-02-07-02(10).

33. There are questions of law or fact common to the ND Class, including but not limited to:

> Whether Defendants violated North Dakota wage and hour laws;
>
> Whether Defendants' wage payment policies violated ND Law;

>Whether Defendants properly calculated the regular rate for Plaintiff and other class members; and

>Whether Defendants' conduct was a willful and knowing violation of ND Law.

34. Plaintiff's claims are typical of the claims of other members of the ND Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

35. Plaintiff will fairly and adequately protect the interests of the ND Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the ND Class in this case.

36. The questions of law or fact that are common to the ND Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

40. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

41. Plaintiff, the FLSA Collective, and ND Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

42. Defendants did not pay overtime compensation to Plaintiff, the FLSA Collective, and ND Class at the rate of one and one-half times their regular rate for all of their overtime hours.

43. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

44. As a result of Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and ND Class were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and ND Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (ND Law Overtime Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of the ND overtime compensation laws, N.D. Admin Code § 46-02-07-01 *et seq.*; N.D. Century Code Chapter 34-06.

47. At all times relevant, Defendants were an employer covered by the ND overtime compensation statute, N.D. Admin Code § 46-02-07-02(4); North Dakota Century Code Chapters 34-06, 34-14.

48. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the ND overtime compensation requirements set forth in N.D. Admin Code § 46-02-07-02(4).; N.D. Admin Code § 46-03-01-01; N.D. Cent. Code Chapters 34-06, 34-14.

49. These violations of ND Law injured Plaintiff, the FLSA Collective, and ND Class in that they did not receive wages due to them pursuant to ND Law.

50. ND Law provides that, "[i]n addition to the employee's right to recover unpaid wages[,]" an employee is entitled to interest on the unpaid wages, and an amount equal to "double the employee's unpaid wages, if, within one year preceding the date such wages are due, the employer has, on separate occasions, been subject to, and found liable for, two previous wage claims under the provisions of this chapter; or ... [t]reble the employee's unpaid wages, if, within one year preceding the date such wages are due, the employer has, on separate occasions, been subject to, and found liable for, three or more previous wage claims under the provisions of this chapter." N.D. Cent. Code § 34-14-09.1.

51.     Defendants are liable to Plaintiff, the FLSA Collective, and ND Class to the full extent as permitted by ND Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the ND Class;

C. Enter judgment against each Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the ND Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the ND Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award interest on the unpaid wages from the date the wages are due until payment is made in full in favor of Plaintiff and the members of the ND Class pursuant to N.D. Cent. Code § 34-14-09.1(1);

F. Award liquidated damages in favor of Plaintiff and the members of the ND Class equal to double the unpaid wages, if, within one year preceding the date the wages are due, Defendants on two separate occasions have been found liable for wage claims pursuant to N.D. Cent. Code § 34-14-09.1(2)(a);

G. Award liquidated damages in favor of Plaintiff and the members of the ND Class equal to treble the unpaid wages, if, within one year preceding the date the wages are due, Defendants on three or more separate occasions have been found liable for wage claims pursuant to N.D. Cent. Code § 34-14-09.1(2)(b); and

H. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

*s/ Ryan A. Winters*
Joseph F. Scott (OH Bar No. 0029780)*
Ryan A. Winters (OH Bar No. 0086917)*
Kevin M. McDermott II (OH Bar No. 0090455)*
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Road E., Suite 490
Cleveland, OH 44115
Tel.     (440) 498-9100
Fac.    (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Counsel for Plaintiff, the FLSA Collective and North Dakota Class*

*Admitted to practice in this Court

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (OH Bar No. 0086917)